<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4894**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FIDEL LUIS VIDAL,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Glen E. Conrad, Chief District Judge. (5:08-cr-00037-gec-mfu-1)

Submitted: July 7, 2011      Decided: September 12, 2011

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, Frederick T. Heblich, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, Christine Madeleine Lee, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Roanoke, Virginia, Jeb T. Terrien, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Harrisonburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fidel Luis Vidal pled guilty to one count of being an alien who re-entered the United States without permission after having been deported. The district court sentenced him to 52 months' imprisonment. This constituted a two-level departure from his guideline range of 37 to 46 months. Vidal appeals, asserting that the sentence imposed, which was only six months above his guideline range, was procedurally unreasonable.[1] For the following reasons, we disagree and so affirm.

We note at the outset that we review a sentence's reasonableness only under the deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Initial review is for "significant procedural error" which includes: (1) "failing to calculate (or improperly calculating) the Guidelines range," (2) "treating the Guidelines as mandatory," (3) "failing to consider the [18 U.S.C.] § 3553(a) factors," (4) "selecting a sentence based on clearly erroneous facts," and (5) "failing to explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." Id.

---

[1] Vidal also contends that his sentence is substantively unreasonable but offers no argument, independent of his procedural unreasonableness claims, in support of that argument.

Before the district court, Vidal conceded that the court had properly calculated the Guidelines range and that no clearly erroneous facts supported that calculation. The record plainly reflects that the district court did not treat the Guidelines as mandatory or fail to consider the § 3553(a) factors.[2] Vidal's sole contention is that the district court's explanation of its sentence was inadequate.

The district court explained that it found a six month departure from the Guidelines range warranted because, although given "very clear and distinct warning as to what would happen if he continue[d] to disobey federal law" by entering the country illegally, Vidal continued to do so. At some length, Vidal points out that two of his (five) illegal entries occurred while he was a minor and so do not constitute "prior similar adult criminal conduct not resulting in a criminal conviction," a category of conduct which "may" provide a basis for an upward departure. See U.S.S.G. § 4A1.3(a)(2)(E), 4A1.3(a)(2) (emphasis added). Of course this is correct, but no Guideline prohibits reliance on prior similar juvenile conduct not resulting in a criminal conviction. Cf. id. § 4A1.3(a)(3).

---

[2] Although the district court did not expressly invoke § 3553(a), it specifically alluded to and quoted the § 3553(a) factors.

Moreover, even if the Guidelines do not sanction a departure on that basis, Vidal's challenge fails. This is so because "although adherence to the advisory Guidelines departure provisions provides <u>one</u> <u>way</u> for a district court to fashion a reasonable sentence outside the Guidelines range, "it is <u>not</u> the only way." <u>United States v. Evans</u>, 526 F.3d 155, 164 (4th Cir. 2008) (emphasis in original). "Rather, after calculating the correct Guidelines range," as the district court did here, it "may base its sentence on the Guidelines departure provisions <u>or</u> on other factors so long as it provides adequate justification for the deviation." <u>Id.</u>

That is precisely what the district court did here. The court justified its sentence on the rationale that although Vidal received "very clear and distinct warning[s]" as to the illegality of his unauthorized entry into the United States, he continued to enter illegally. The court believed that a six month departure from the Guideline range was necessary to "deter" Vidal from committing like conduct in the future. <u>See</u> § 3553(a). Given our deferential standard of review, we cannot hold this rationale unreasonable.[3]

---

[3] The following exchange between Vidal and the district court prior to the imposition of sentence renders this conclusion inevitable:

(Continued)

4

Thus, we must reject Vidal's challenge to the reasonableness of the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

The Court:  Would you have thought long and hard about coming into the United States this last time if you had understood that you could receive a period of incarceration of five or six or seven years or something of this sort, if you were caught?

The Defendant:  Perhaps I wouldn't have come.